April 20, 2010

The Honorable C. R. (Kit) Bramblett
Hudspeth County Attorney
Post Office Box 221528
El Paso, Texas 79913-1528

Opinion No. GA-0770

Re: Whether a utility company that contracts with a county to collect the fees for the county's solid waste disposal service may suspend its own utility service for nonpayment of the solid waste disposal fee (RQ-0837-GA)

Dear Mr. Bramblett:

You ask us to opine on the meaning of subsection 364.034(d), Health and Safety Code.[1] You tell us that Hudspeth County (the "County"), which collects and disposes of solid waste in the area, would like to contract with the Esperanza Water Service Company, Inc. (the "Company") to have the Company collect the County's fees for the solid waste disposal services. *See* Request Letter at 1. You inform us that there is a question about whether, under subsection 364.034(d), the Company could suspend the Company's water service to a customer for nonpayment of the County's solid waste disposal fee. *See id.*

Under chapter 364, the County Solid Waste Control Act, a county may offer solid waste disposal service in its territory. TEX. HEALTH & SAFETY CODE ANN. § 364.034(a)(1) (Vernon Supp. 2009); *see id.* § 364.001 (Vernon 2001) (providing short title). A county is authorized to "require the use of the [solid waste disposal] service" by persons in its territory and to "charge fees for the service." *Id.* § 364.034(a)(2)–(3) (Vernon Supp. 2009). Chapter 364 authorizes a county to provide the solid waste disposal service itself or to enter into an operating agreement to have another person provide the service. *See id.* § 364.013 (Vernon 2001). Additionally, chapter 364 provides three alternatives by which a county can collect the solid waste disposal fee: (1) collect the solid waste disposal fee itself, (2) contract with an entity that is providing the solid waste disposal service for the county to collect the fee, or (3) contract with another private or public entity for the collection of the solid waste disposal fee. *Id.* § 364.034(b)–(c) (Vernon Supp. 2009). Under the scheme established by chapter 364, the entity collecting the solid waste disposal fee does not have to provide the solid waste disposal service. *Compare id.* § 364.013 (Vernon 2001) (authorizing a county

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov); *see also* TEX. HEALTH & SAFETY CODE ANN. § 364.034(d) (Vernon Supp. 2009).

to contract with another entity for the provision of solid waste disposal service), *with id.* § 364.034(b)(3), (c) (Vernon Supp. 2009) (authorizing a county to contract with another entity solely for the collection of the solid waste disposal fee). The subject of your request, subsection 364.034(d), provides:

> To aid enforcement of fee collection for the solid waste disposal service:
>
> > (1)   a county or the public or private entity that has contracted with the county to provide the service may suspend service to a person who is delinquent in payment of solid waste disposal service fees until the delinquent claim is fully paid; and
> >
> > (2)   a public or private utility that bills and collects solid waste disposal service fees under this section may suspend service of that utility, in addition to the suspension of solid waste disposal service, to a person who is delinquent in the payment of the solid waste disposal service fee until the delinquent claim is fully paid.

*Id.* § 364.034(d).

The issue raised by your request requires us to construe subsection 364.034(d)(2). When construing a statute, the primary objective is to "ascertain and give effect to the Legislature's intent as expressed by the language of the statute." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). To determine that intent, we look to the plain and common meaning of the words of the statute. *See id.* When the statutory language is clear and unambiguous, we construe the statute as written. *See City of Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006). In addition, "words and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005).

On its face, the language of subsection 364.034(d)(2) authorizes a "public or private utility that bills and collects solid waste disposal service fees" to suspend "service of that utility" for nonpayment of the solid waste disposal fee. TEX. HEALTH & SAFETY CODE ANN. § 364.034(d)(2) (Vernon Supp. 2009). By its ordinary usage, the term "that" refers back to a specific thing previously mentioned. *See* NEW OXFORD AMERICAN DICTIONARY 1756 (2001) (defining the term "that" to mean "referring to a specific thing previously mentioned, known, or understood"); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (providing "words and phrases shall be read in context and construed according to the rules of grammar and common usage"). In subsection 364.034(d)(2), the thing previously mentioned is the public or private utility that is collecting the solid waste disposal fees on behalf of a county. Thus, the "service of that utility," which service may be suspended, is the utility service of the public or private entity collecting the fees on behalf of a county. The language of subsection 364.034(d)(2) patently distinguishes the "service of that utility"

from the solid waste disposal service by providing that the suspension of service of that utility is "in addition to the suspension of solid waste disposal service." TEX. HEALTH & SAFETY CODE ANN. § 364.034(d)(2) (Vernon Supp. 2009). The language of subsection 364.034(d)(2) indicates that a utility collecting a county's solid waste disposal fee may suspend its own utility service for nonpayment of a county's solid waste disposal fee.[2]

Our determination is bolstered by the legislative history of subsection 364.034(d)(2). *See* TEX. GOV'T CODE ANN. § 311.023(3) (Vernon 2005) (including legislative history in list of factors that may be considered in construing statutes); *see also Osterberg v. Peca*, 12 S.W.3d 31, 38 (Tex. 2000) (citing section 311.023 and considering legislative history, among other things, to construe a statute); Tex. Att'y Gen. Op. No. GA-0728 (2009) at 2–3 (considering legislative history in construction of statute). Subsection 364.034(d)(2) was added to chapter 364 in 2001 by Senate Bill 352. Act of May 24, 2001, 77th Leg., R.S., ch. 1238, 2001 Tex. Gen. Laws 2915, 2915–16. The bill summary accompanying Senate Bill 352 describes the bill as authorizing "a utility that bills and collects the fees to suspend the utility service *it* provides, in addition to the suspension of solid waste disposal service by the entity providing that service to a person who is delinquent in paying the disposal fee." Enrolled Bill Summary, Tex. S.B. 352, 77th Leg., R.S. (2001) (emphasis added).[3] Senator Truan, who sponsored Senate Bill 352, described the bill as adding an "effective enforcement mechanism to compel payment" of solid waste disposal service fees. Hearings on S.B. 352 before the Sen. Natural Resources Comm., 77th Leg., R.S. (Feb. 27, 2001) (statement of Sen. Truan).[4] Senator Truan stated:

> A contract with a utility may require the billing of the solid waste disposal fee within the bill for the other utility service. It may permit the contracting utility to suspend service of the utility to a person who is delinquent in payment of the solid waste disposal service fee. That means that if someone does not pay his trash bill, the lights go out. And that's the essence of providing some teeth in order to have the collection of trash and the payment of fees.

---

[2]The Company at issue here tells us that it is a privately held water utility regulated by the Texas Commission on Environmental Quality (TCEQ) "subject to the TCEQ's Utility Regulations found in Chapter 291." Brief attached to Request Letter from Ralph Wm. Richards, Attorney at Law, at 2. Suspension of the utility service of the Company is expressly authorized by the TCEQ's rules. *See* 30 TEX. ADMIN. CODE § 291.88(a)(2)(F) (2009) (authorizing discontinuance of utility service for "failure to pay solid waste disposal fees collected under contract with a county"); *cf. City of Breckenridge v. Cozart*, 478 S.W.2d 162, 164–65 (Tex. Civ. App.—Eastland 1972, writ ref'd n.r.e.) (finding no constitutional impediment to a home rule city's ordinance authorizing the discontinuation of a person's city water service for the person's failure to pay the city's garbage collection fee).

[3]*Available at* http://www.capitol.state.tx.us/BillLookup/BillSummary.aspx?LegSess=77R&Bill=SB352 (last visited Apr. 12, 2010).

[4]*Available at* http://www.senate.state.tx.us/avarchive/?yr=2001&mo=02 (archived recording of the February 27, 2001 public hearing) (last visited Apr. 12, 2010).

*Id.* The foregoing legislative material reveals a legislative intent to authorize the suspension of utility service other than the solid waste disposal service as an added enforcement mechanism to compel payment of a county's solid waste disposal fee.

We conclude that subsection 364.034(d)(2), Health and Safety Code, authorizes a utility company contracting with a county to collect the fees for the county's solid waste disposal service to suspend its own utility service for nonpayment of the county's solid waste disposal fee.

## S U M M A R Y

Subsection 364.034(d)(2), Health and Safety Code, authorizes a utility company contracting with a county to collect the fees for the county's solid waste disposal service to suspend its own utility service for nonpayment of the county's solid waste disposal fee.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee